be commenced within one year after such loss or damage. This action was not begun until February 9, 1915, more than a year after the damage to the motor.

[1, 2] Respondent contends that, as the limitation referred to was not pleaded, it cannot be availed of by the appellant. The pleadings were oral, and the defendant pleaded "General denial and special contract." Moreover, plaintiff, having offered the receipt in evidence, was bound by its terms, and defendant was entitled to the benefit thereof. Burke v. Erie R. R., 134 App. Div. 413, 119 N. Y. Supp. 309; Jonasson v. Weir, 130 App. Div. 528, 115 N. Y. Supp. 6.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.

---

(91 Misc. Rep. 35)

### LEVY et al. v. OLD DOMINION S. S. CO.

(Supreme Court, Appellate Term, First Department. June 23, 1915.)

CARRIERS ⊕⇒24—INTERSTATE COMMERCE ACT—CARRIAGE BY WATER.

Under Interstate Commerce Act Feb. 4, 1887, c. 104, § 1, 24 Stat. 379, as amended by Act June 18, 1910, c. 309, 36 Stat. 544 (U. S. Comp. St. 1913, § 8563), providing that the act shall apply to any common carrier engaged in the transportation of passengers or property wholly by railroad, or partly by railroad and partly by water, when both are used under a common contract, management, or arrangement in interstate or foreign commerce, section 20 of that act, as amended by Act June 29, 1906, c. 3591, § 7, 34 Stat. 593 (U. S. Comp. St. 1913, § 8592), imposing on the initial carrier liability for damages to a shipment on the line of any carrier does not apply to a shipment by water and rail, where the steamship company by its bill of lading agreed to deliver to destination if on its line, otherwise to deliver to another carrier, and there was no evidence of any common arrangement between the steamship company and the railroad company, or even that there was a joint rate.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 60–66; Dec. Dig. ⊕⇒24; Commerce, Cent. Dig. § 26.]

Guy, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by Benjamin E. Levy and another, as executors of the estate of Adolph E. Salomon, against the Old Dominion Steamship Company. Judgment for plaintiffs, and defendant appeals. Reversed, and new trial ordered.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Burlingham, Montgomery & Beecher, of New York City (George R. Allen, of New York City, and Leonard J. Matteson, of Mt. Vernon, of counsel), for appellant.

Almy, Van Gordon, Evans & Kelly, of New York City (William S. Evans, of New York City, of counsel), for respondents.

PAGE, J. This is an action for damages to a shipment of 177 bales of old bagging delivered to the defendant at New York for transportation to Charlotte, N. C. The defendant is a steamship line operating between New York and Norfolk, Va. The bill of lading which it issued for the goods provided that the company agreed to de-

liver it to the place of destination if on its line, "otherwise to deliver to another carrier on the route to said destination." Charlotte, N. C., is not on the defendant's line, and the bill of lading was routed "Seaboard Air Line," meaning that the defendant would deliver the shipment to that line at Norfolk, Va., for transportation to Charlotte, which is a point on the Seaboard Air Line.

At the trial the defendant's attorney requested the court to charge the jury:

"That the contract of the defendant, the bill of lading, was only to carry to Norfolk, Va., on the route to the destination of the shipment in question, and unless plaintiff shows that the shipment was not delivered in good condition by this defendant to the Seaboard Air Line Railway at Norfolk, Va., the next carrier at that point, the verdict of the jury must be for the defendant."

This the court refused, and in another place charged the jury:

"There is a federal statute, * * * and in that law it is provided as follows: 'Any common carrier, railroad or transportation company receiving property for transportation from a point in one state to a point in another state, shall issue a receipt or a bill of lading therefor, and shall be liable to the lawful holder thereof for any loss damage or injury to such property caused by it or by any common carrier, railroad or transportation company to which such property may be delivered, or over whose line or lines such property may pass, and no contract receipt, rule or regulation shall exempt such common carrier, railroad or transportation company from the liability hereby imposed.'"

The court further charged that for the purpose of this case the plaintiff need only prove that the damage to the goods occurred somewhere between New York and Charlotte, N. C.

The statute quoted above and charged to the jury as the law in this case is a portion of section 20 of the Interstate Commerce Act, as amended June 29, 1906. Section 1 of the act as amended by Act June 18, 1910, defines what carriers are subject to its provisions as follows:

"That the provisions of this act shall apply to any corporation or any person or persons engaged in the transportation of oil or other commodity, except water and except natural or artificial gas by means of pipe lines, * * * and to any common carrier or carriers engaged in the transportation of passengers or property wholly by railroad (or partly by railroad and partly by water when both are used under a common contract, management or arrangement for a continuous carriage or shipment) from one state or territory of the United States or the District of Columbia, to any other state or territory of the United States or the District of Columbia. * * *"

In the case at bar, while the bill of lading shows an arrangement between the shipper and the defendant to receive the goods and deliver them to the Seaboard Air Line for further transportation to Charlotte, N. C., the record is barren of any evidence showing an arrangement of any kind between the defendant and the railroad company to whom the property was to be delivered, and it was therefore not brought by the proof within the terms of the act, which only applies to transportation by water under a common "control, management or arrangement for a continuous carriage or shipment" with a railroad company. Mutual Transit Co. v. U. S., 178 Fed. 664, 102 C. C. A. 164. It is unnecessary here to consider what evidence might be sufficient to es-

tablish a "common arrangement," since there is a total absence of any such evidence. There is not even any evidence in the record as to the making of a joint rate by the defendant with the Seaboard Air Line to bring the case within the terms of U. S. v. Wood (D. C.) 145 Fed. 405, relied upon by the respondent.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.

BIJUR, J., concurs. GUY, J., dissents.